# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re

GILBERT REDD and
MARY LOUISE REDD,

    Debtors.

Case No. 04-30591-DHW
Chapter 13

## MEMORANDUM OPINION

Before the court is Mortgage Corp. of the South's ("Mortgage Corp.") motion for instructions. Therein, Mortgage Corp. asks the court to determine whether its two claims against Gilbert and Mary Louise Redd ("debtors") have been discharged.[1] The matter was set for hearing on July 17, 2006, at which time counsel for the parties argued their respective positions, and the matter was taken under advisement.

## Jurisdiction

The court's jurisdiction in this matter is conferred by 28 U.S.C. § 1334 and the United States District Court for this district's order referring title 11 matters to this court. Further, because the determination of dischargeability of a particular debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I), this is a core proceeding thereby extending this court's jurisdiction to the entry of a final order or judgment.

## Undisputed Facts

The debtors filed this chapter 13 case on March 1, 2004. Their chapter 13 plan, which was confirmed by the court on May 19, 2004

---

[1] A request for determination of the dischargeability of a debt must be made in the form of an adversary proceeding. See Fed. R. Bankr. Proc. 7001(6). However, the debtor did not object to Mortgage Corp.'s making this request in the form of a motion.

(Doc. # 18), provided for payment of Mortgage Corp.'s two secured claims directly by the debtor instead of through the chapter 13 trustee. Each of the claims was secured by a vehicle. Mortgage Corp. did not file a proof of claim in the case.

In November and December 2004, Mortgage Corp. and the debtors filed joint motions for relief from the automatic stay to allow Mortgage Corp. to enforce its liens on the vehicles securing the claims. (Doc. # 23 and #26). The motions were granted, and Mortgage Corp. sold both vehicles. The sales proceeds, however, were not sufficient to pay either of the claims in full. Mortgage Corp., however, did not file a proof of claim for the deficiency balance.

The debtors' original plan provided for payment of 35% of allowed unsecured claims. However, because the plan would have paid out in less than 36 months, the chapter 13 trustee moved to modify the plan to require the debtors to continue making plan payments for a three-year-period. The trustee's motion to modify the plan was granted by court order entered August 22, 2005 (Doc. # 33). Mortgage Corp., through its counsel, was served with a copy of the trustee's motion to modify the plan as well as the order granting that motion.

After the debtors completed payments under the plan, an order of discharge entered on March 20, 2006 (Doc. # 54), and their chapter 13 case was subsequently closed. Because Mortgage Corp. did not file a claim, it was paid nothing on its unsecured, deficiency balance.

**Law**

Once debtors complete payment under a chapter 13 plan, they are to receive a discharge of all debts provided for by the plan. The statute provides: ". . . as soon as practicable after completion by the debtor of all payments under the plan, . . . the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title . . . ." 11 U.S.C. § 1328(a) (emphasis added).

Here, the claims of Mortgage Corp. were provided for by the plan. Originally, the plan provided that these claims would be paid by the debtors directly instead of through the chapter 13 trustee. Irrespective of how disbursements were to be made, directly by the debtors or through the trustee, the plan provided for the payment of Mortgage Corp.'s secured claims. Likewise, the plan provided for the payment of 35% of allowed unsecured claims. Therefore, whether Mortgage Corp.'s claims were secured or unsecured at any point in the course of the plan, its claims were provided for by the plan.

Finding that these claims were provided for by the plan, the plain language of the statute dictates the result that the debts are discharged. Yet, for other reasons the court is convinced that discharging the debts is the proper result.

In late 2004, Mortgage Corp. was granted relief from the stay with respect to its collateral. However, by the time the trustee moved to modify the plan some nine months later, the creditor had still not filed a proof of claim. Indeed, the trustee was prompted to move to modify the plan because the plan would have paid out in less than three years.[2] Had Mortgage Corp. filed deficiency claims, the plan modification would, in all probability, have been unnecessary. The inclusion of those deficiency claims, in all likelihood, would have meant that the debtors' original 35% plan would have taken them three years to complete.

Even with notice of the proposed plan modification, Mortgage Corp. did not file claims for its deficiency balances. As a result, the modification was approved by the court, and the debtors were required to pay unsecured creditors more than 35% of their claims. Mortgage Corp., to the debtors' detriment, cannot slumber on its rights to participate under the plan as an unsecured creditor and then contend that its claims should not be discharged.

---

[2] 11 U.S.C. § 1325(b)(1) requires that chapter 13 debtors, whose plans provide for less than full payment of unsecured debts, pay the trustee all of their disposable income for a three-year period.

3

## Conclusion

For these reasons the court finds that the debtors' debts to Mortgage Corp. have been discharged. Pursuant to Fed. R. Bankr. Proc. 9021, a consistent order will enter separately.

Done this the 12th day of September, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
Vonda S. McLeod, Attorney for Debtors
Richard C. Dean, Jr., Attorney for Creditor
Curtis C. Reding, Trustee